# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| LIBBY HARDIN PECK, ) | |
| ) | No. 8:12-cv-02594-DCN |
| Claimant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R&R") that the court reverse and remand the Acting Commissioner of Social Security's decision to deny claimant Libby Hardin Peck's ("Peck") application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Commissioner has filed objections to the R&R. For the reasons set forth below, the court adopts the R&R, reverses the Commissioner's decision, and remands this case for further administrative proceedings.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Peck filed an application for DIB and SSI on December 5, 2008, alleging that she had been disabled since July 15, 2000.[1] The Social Security Administration ("the Agency") denied her application both initially and on reconsideration. Peck requested a

---

[1] Peck filed earlier applications for DIB and SSI on February 1, 2006, which also alleged a disability onset date of July 15, 2000. Those applications were ultimately denied by the Agency, and another judge in this district later affirmed the Commissioner's denial of benefits. See Peck v. Astrue, Docket No. 5:10-cv-02625-MBS, 2012 WL 967090 (D.S.C. Mar. 20, 2012).

1

hearing before an administrative law judge ("ALJ") and ALJ Augustus C. Martin presided over a hearing held on November 4, 2010. Tr. 82. In a decision issued on December 15, 2010, the ALJ determined that Peck was not disabled. The Appeals Council denied review on May 15, 2012, making the ALJ's decision the final decision of the Commissioner.

Peck filed this action for judicial review on September 10, 2012. On April 5, 2013, she filed a brief requesting that the Commissioner's decision be reversed and the case remanded to the Agency for the award of benefits or for further administrative proceedings. Claimant's Br. 2, ECF No. 22. On May 20, 2013, the Commissioner filed a brief contending that her decision should be upheld. Comm'r's Br., ECF No. 24. On February 2, 2014, the magistrate judge issued the instant R&R, recommending that the Commissioner's decision be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). R&R, ECF No. 16. The Commissioner objected to portions of the R&R on February 24, 2014. Comm'r's Objections, ECF No. 36. This matter has been fully briefed and is now ripe for the court's review.

**B. Peck's Medical History**

Because Peck's medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Peck was born on October 3, 1963 and was thirty-six years old on her alleged disability onset date. Tr. 90. She has at least a high school education and past relevant work experience as an office manager and as a computer service technician. Id.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both her remaining physical and mental capacities (defined by her residual functional capacity) and her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The claimant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

To determine whether Peck was disabled from October 31, 2008 (the day after Peck's prior disability claims were rejected) through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process. At step one,

the ALJ found that Peck did not engage in substantial gainful activity during the period at issue. Tr. 85. At step two, the ALJ found that Peck suffered from the following severe impairments: back/neck disorders and fibromyalgia. Id. At step three, the ALJ found that Peck's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Tr. 86. Before reaching the fourth step, the ALJ determined that Peck retained the residual functional capacity ("RFC") to perform sedentary work. Tr. 87. Specifically, the ALJ found that Peck could lift and carry up to 10 pounds occasionally and a lesser amount frequently; sit for six hours in an eight-hour work day; and stand and walk occasionally (for two hours in an eight-hour work day). Tr. 87. The ALJ also found that Peck must be permitted to sit or stand at will for up to half of the work day; must never climb, crawl, bend, or squat; and could only occasionally crouch or stoop. Id. At step four, the ALJ found that Peck was unable to perform any of her past relevant work. Tr. 89. Finally, at the fifth step, the ALJ found that Peck could perform jobs existing in significant numbers in the national economy and concluded that she was not disabled during the period at issue. Tr. 90-91.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III.   DISCUSSION

The magistrate judge recommends that the Commissioner's decision be reversed because it was unclear whether the ALJ's decision that Peck did not meet the requirements of Listing 1.04 was supported by substantial evidence. The Commissioner objects to the magistrate judge's analysis, arguing that the ALJ's discussion of Listing 1.04 was sufficient.

The ALJ is obligated to explain his findings and conclusions on all material issues of fact, law, or discretion presented.  5 U.S.C. § 557(c)(3)(A) (2012).  "Strict adherence to this statutorily-imposed obligation is critical to the appellate review process," and courts have remanded cases where the reasoning for the ALJ's conclusion "is lacking and therefore presents inadequate information to accommodate a thorough review." See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994) (internal citation omitted).  While an ALJ need not set forth his findings in a particular format, see Stephens v. Heckler, 766 F.2d 284, 287-88 (7th Cir. 1985), a reviewing court cannot determine if findings are supported by substantial evidence unless the ALJ explicitly

5

indicates the weight given to all of the relevant evidence. Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir. 1984). "Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record." Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977).

Listing 1.04 of the Agency's listing of impairments relates to spinal disorders. In its entirety, Listing 1.04 states:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § 404 Subpt. P, App'x 1. As the magistrate judge found, the ALJ sufficiently explained why Peck's impairments did not meet Listing 1.04(C). In addition, the parties appear to agree that Listing 1.04(B) does not apply in this case. What remains to be

considered is whether the ALJ properly analyzed Peck's neck and back disorders with respect to Listing 1.04(A).

Peck has been diagnosed with degenerative disc disease in her lumbar spine, thoracic and lumbar facet arthropathy, lumbar radiculitis, sciatica, muscle spasms, and sacroiliac joint pain. See, e.g., Tr. 553, 563-64, 632. The record is replete with medical findings that Peck suffers from muscle and joint pain, arthritis, tingling, numbness, and weakness in her arms and legs.[2] See, e.g., Tr. 536, 590, 627. Additionally, Peck had two straight leg raise tests that were positive for pain in July 2008, just three months before the beginning of the time period at issue here. Tr. 364, 366.

While the ALJ makes a few references to the medical notes written by Peck's treating physicians, he did not address the bulk of those notes, which confirm that Peck suffered from persistent symptoms related to her back and neck disorders. Despite the Commissioner's protests to the contrary, it is clear that the ALJ did not sufficiently explain his determination that Peck does not meet Listing 1.04(A). The court simply cannot find that the ALJ's step three determination is supported by substantial evidence without further discussion by the ALJ. The case must be remanded for further proceedings.[3]

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's report & recommendation, ECF No. 28, **REVERSES** the Commissioner's decision, and

---

[2] Many of these findings were noted after physical examinations conducted by medical professionals; they are not simply regurgitations of Peck's reported complaints.

[3] The court does not express an opinion on the ultimate merits of Peck's application for DIB and SSI.

7

**REMANDS** this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

      **AND IT IS SO ORDERED**.

                                      **DAVID C. NORTON**
                                      **UNITED STATES DISTRICT JUDGE**

**March 13, 2014**
**Charleston, South Carolina**