
RECEIVED
USDC CLERK, CHARLESTON, SC

2017 OCT 31 PM 1:25

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| LIBBY HARDIN PECK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL, *Acting* ) <br> *Commissioner of the Social Security* ) <br> *Administration*,[1] ) <br> ) <br> Defendant. ) <br> _____) | No. 8:12-cv-02594-DCN <br><br> **ORDER** |

This matter is before the court on a motion for attorney's fees filed by claimant Libby Hardin Peck ("Peck") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Peck requests $5,466.75 in attorney's fees and $23.00 for costs and expenses on the grounds that she is a prevailing party under the EAJA. ECF No. 45 at 2. Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, (the "Commissioner") argues that Peck is not entitled to such fees and costs because the Commissioner's position in this litigation was substantially justified. The court finds that the Commissioner's position was substantially justified and denies Peck's motion for attorney's fees and costs.

## I. BACKGROUND

Peck filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") on December 5, 2008, alleging disability beginning

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

on July 15, 2000.² The Social Security Administration denied Peck's claim initially and on reconsideration. Peck requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on November 4, 2010. The ALJ issued his decision on December 15, 2010, finding that Peck was not disabled under the Social Security Act. The Appeals Council declined to review the ALJ's decision, and Peck filed the instant action on September 10, 2012. The magistrate judge issued a Report and Recommendation ("R&R) on February 2, 2014, recommending that the case be reversed and remanded to the Commissioner. The Commissioner objected to portions of the R&R on February 24, 2014. Upon review, this court adopted the magistrate judge's R&R on March 13, 2014, reversed the Commissioner's decision, and remanded the case for further proceedings.

## II. DISCUSSION

### A. Prevailing Party

Under the EAJA, a court must award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). To qualify as a "prevailing party," a party "must succeed on the merits of a claim." S-1 By & Through P-1 v. State Bd. of Educ. of N.C., 6 F.3d 160, 170 (4th Cir. 1993) (Wilkinson, J., dissenting), adopted as majority opinion, 21 F.3d 49 (4th Cir. 1994) (en banc). "In other words, success must be something buttressed by a court's authority or required by a rule of law. The lawsuit

---

² Peck filed earlier applications for DIB and SSI on February 1, 2006, which also alleged a disability onset date of July 15, 2000. Those applications were ultimately denied by the Agency, and another judge in this district later affirmed the Commissioner's denial of benefits. See Peck v. Astrue, Docket No. 5:10-cv-02625-MBS, 2012 WL 967090 (D.S.C. Mar. 20, 2012).

2

must materially alter the 'legal relationship' between plaintiffs and defendants." Id. Because this court reversed and remanded Peck's case to the Commissioner for administrative action pursuant to 42 U.S.C. § 405(g), Peck is considered the "prevailing party" under the EAJA.[3] See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

### B. Substantially Justified

The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford, 935 F.2d at 658; see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). There is no presumption that losing the case means that the government's position was not substantially justified. Crawford, 935 F.2d at 656.

---

[3] Neither party contests that Peck is the prevailing party.

1. **Listing Analysis**

Peck argues that the Commissioner's position in this action was unreasonable because the ALJ failed to properly explain his decision as to whether Peck met the requirements of Listing 1.04(A). Pl.'s Mem. in Supp of Mot. For Attorney's Fees 5. The court disagrees.

In his decision, the ALJ dedicated three paragraphs to the step three analysis; however, he failed to sufficiently explain his determination that Peck does not meet Listing 1.04(A). Tr. 86–87. Due to this failure, on March 13, 2014, this court rejected the R&R, reversed the Commissioner's decision, and remanded the case for further proceedings. ECF No. 42 at 7–8. Specifically, the court remanded the case based on its inability to determine whether the ALJ's Listing determination was supported by substantial evidence. Id. at 7. The court stated it "simply cannot find that the ALJ's step three determination is supported by substantial evidence without further discussion by the ALJ[,]" and instructed the ALJ to sufficiently explain his determination that Peck does not meet Listing 1.04(A). Id. In other words, the court reversed the denial of benefits and remanded for further reconsideration due to an articulation error, not because the Commissioner's position was necessarily wrong on the merits. Id. at 6–8; see ECF No. 42 at 7 n.2 (stating "[t]he court does not express an opinion on the ultimate merits of Peck's application for DIB and SSI").

It is well established that "[i]f the government's position resulted from its failure to perform certain analyses required by the law and its regulations, the position was not substantially justified." Myers, 518 F. Supp. 2d at 656 (citation omitted). However, in the instant case, the ALJ did not fail to perform step three (one of the required steps in the

five-part sequential analysis). Instead, the ALJ performed the appropriate analysis but failed to provide supporting evidence or point to any supporting documentation in the record. Therefore, the ALJ's lack of discussion in his step three analysis does not indicate the government's position was not substantially justified. See id. at 657 (stating the ALJ's failure to adequately explain his conclusions at steps three and five do not indicate the government's position was not substantially justified); see also Anderson v. Comm'r of Soc. Sec., 198 F.3d 244, 1999 WL 1045072, at *6 (6th Cir. 1999) (unpublished table decision) (affirming the district court's denial of attorney's fees, finding the district court properly reasoned that the ALJ's lack of explicit articulation did not demonstrate that there was no reasonable basis for the ALJ's decision to deny benefits).

Taking into account the ALJ's decision as a whole and the totality of the circumstances, the court finds that even though the Commissioner's position was not explained as comprehensively as this court requires, the Commissioner had "a reasonable basis in law and fact" such that "a reasonable person could think it correct." See Underwood, 487 U.S. at 566 n.2. Thus, the court finds that the Commissioner's position was substantially justified.

## III. CONCLUSION

For these reasons, the court concludes that the Commissioner has met her burden of showing that her position was substantially justified. Therefore, the court **DENIES** Peck's motion for attorney's fees.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 31, 2017
Charleston, South Carolina**